**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

—————————————————— x
                        :

WALKER DIGITAL, LLC,         :

                 Plaintiff,     :    Civil Action No. _____

                        :

            v.             :    **JURY TRIAL DEMANDED**

                        :

2K GAMES, INC.,          :
2K SPORTS, INC.,         :
CAPCOM ENTERTAINMENT, INC.  :
CAPCOM U.S.A., INC.,     :
ELECTRONIC ARTS, INC.,    :
KONAMI DIGITAL ENTERTAINMENT, INC., :
MICROSOFT CORP.,        :
ROCKSTAR GAMES, INC.,    :
SEGA OF AMERICA, INC.,    :
SONY COMPUTER ENTERTAINMENT :
AMERICA LLC,          :
SQUARE ENIX OF AMERICA HOLDINGS, INC., :
SQUARE ENIX, INC.,       :
TAKE-TWO INTERACTIVE SOFTWARE, INC., :
THQ INC., and          :
UBISOFT, INC.           :

             Defendants.   :

                        :
—————————————————— X

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Walker Digital, LLC ("Walker Digital") by way of this Complaint against 2K

Games, Inc. ("2K Games"), 2K Sports, Inc. ("2K Sports"), Capcom Entertainment, Inc.

("Capcom Entertainment"), Capcom U.S.A., Inc. ("Capcom USA"), Electronic Arts, Inc.

("EA"), Konami Digital Entertainment, Inc. ("KDE"),  Microsoft Corp. ("Microsoft"), Rockstar

Games, Inc. ("Rockstar"), Sega of America, Inc. ("Sega"), Sony Computer Entertainment

America LLC ("SCEA"), Square Enix of America Holdings, Inc. ("Square Enix Holdings"),

Square Enix, Inc. ("Square Enix"), Take-Two Interactive Software, Inc. ("Take-Two"), THQ

Inc. ("THQ"), and Ubisoft, Inc. ("Ubisoft") (collectively, "Defendants") hereby alleges with

knowledge with respect to its own acts and upon information and belief with respect to all others:

## JURISDICTION AND VENUE

1.      This is a civil action for patent infringement arising under 35 U.S.C. §§ 100, *et

seq*., and in particular § 271.

2.      This Court has exclusive subject matter jurisdiction over this action under 28

U.S.C. § 1338(a).

3.      This Court has personal jurisdiction over Defendants because they regularly

conduct and solicit business in Delaware and derive substantial revenue from goods used or

services rendered in Delaware and within this judicial district.

4.      Venue is proper under 28 U.S.C. §§ 1391(b) and 1400(b) because Defendants

reside in this judicial district pursuant to 28 U.S.C. § 1391(c) and because Defendants have

committed acts of infringement in this judicial district.

## PARTIES

5.      Walker Digital is a limited liability company organized and existing under the

laws of the State of Delaware, with its principal place of business at 2 High Ridge Park,

Stamford, Connecticut 06905.

6.      2K Games is a corporation organized and existing under the laws of the State of

Delaware, with its principal place of business at 10 Hamilton Landing, Novato, California

94949.

7.      2K Sports is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 10 Hamilton Landing, Novato, California 94949.

8.      Capcom Entertainment is a corporation organized and existing under the laws of the State of California, with its principal place of business at 800 Concar Drive, Suite 300, San Mateo, California 94402.

9.      Capcom USA is a corporation organized and existing under the laws of the State of California, with its principal place of business at 800 Concar Drive, Suite 300, San Mateo, California 94402.

10.      EA is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 209 Redwood Shores Parkway, Redwood City, California 94065.

11.      KDE is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business at 2381 Rosecrans Avenue, Suite 200, El Segundo, California 90245.

12.      Microsoft is a corporation organized and existing under the laws of the State of Washington, with its principal place of business at One Microsoft Way, Redmond, Washington 98052.

13.      Rockstar is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 622 Broadway, New York, New York 10012.

14.      Sega is a corporation organized and existing under the laws of the State of California, with its principal place of business at 350 Rhode Island Street, Suite 400, San Francisco, California 94103.

15.     SCEA is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 919 East Hillsdale Blvd., Foster City, California 94404.

16.     Square Enix Holdings is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Los Angeles, California.

17.     Square Enix is a corporation organized and existing under the laws of the State of Washington with its principal place of business at 999 North Sepulveda Blvd., El Segundo, California 90245.

18.     Take-Two is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 622 Broadway, New York, New York 10012.

19.     THQ is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 29903 Agoura Road, Agoura Hills, California 91301.

20.     Ubisoft is a corporation organized and existing under the laws of the State of California, with its principal place of business at 625 Third Street, San Francisco, California 94107.

## FACTUAL BACKGROUND

### *Walker Digital and the Patents*

21.     Walker Digital is a research and development laboratory consisting of a diverse group of innovators who study human behavior and utilize modern information technology to design novel solutions to business problems.  Walker Digital has invested millions of dollars developing ground-breaking solutions to problems encountered in a wide range of industries including retail, vending, credit cards, security, gaming, and entertainment.  This investment was

used for many things, including the development of facilities to assist with the research, development and testing of new inventions, which, in turn, generated additional new solutions to problems and additional inventions.  Many of these inventions and solutions have been the genesis for successful businesses, including priceline.com and Synapse, Inc.

22.     Since 1993, Walker Digital has launched a number of businesses to exploit its in-house-developed intellectual property that is now a portfolio consisting of over 500 patents and patent applications.  Walker Digital's founder, Jay Walker, is best known for creating www.priceline.com.  He also has twice been named by the editors of *Time* magazine as one of the 50 most influential business leaders in the digital age, and *Business Week* selected him as one of its 25 internet pioneers most responsible for "changing the competitive landscape of almost every industry in the world."

23.     Two of Walker Digital's gaming patents are at issue here.  These patents concern systems and methods of distributed electronic tournaments for a plurality of players.   These systems and methods exchange information with a central controller to influence game play, and also store certain information that is available for use in subsequent tournament play.

24.     On May 1, 2001, the United States Patent and Trademark Office issued United States Patent No. 6,224,486 ("the '486 Patent") on an electronic tournaments invention.  The Patent is entitled DATABASE DRIVEN ONLINE DISTRIBUTED TOURNAMENT SYSTEM.  A copy of the '486 Patent is attached as Exhibit 1.

25.     On July 30, 2002, the United States Patent and Trademark Office issued United States Patent No. 6,425,828 ("the '828 Patent") on an electronic tournaments invention.  The Patent is entitled DATABASE DRIVEN ONLINE DISTRIBUTED TOURNAMENT SYSTEM.  A copy of the '828 Patent is attached as Exhibit 2.

26.     At all times Walker Digital has been the sole assignee of the '486 Patent and the '828 Patent.

***Defendants' Infringing Products***

27.     Take-Two and 2K Games make, offer for sale, and/or sell within this judicial district *Bioshock 2*, which is an infringing software product.

28.     The software product identified in paragraph 27 conducts a distributed electronic tournament for a plurality of players.  The product exchanges information with a central controller to influence game play while a player plays in the tournament and stores player information that is available for use in a subsequent tournament.

29.     Discovery may show that Take-Two and 2K Games make, offer for sale, and/or sell additional infringing software products.

30.     Take-Two and 2K Sports make, offer for sale, and/or sell within this judicial district *Top Spin 4*, which is an infringing software product.

31.     The software product identified in paragraph 30 conducts a distributed electronic tournament for a plurality of players.  The product exchanges information with a central controller to influence game play while a player plays in the tournament and stores player information that is available for use in a subsequent tournament.

32.     Discovery may show that Take-Two and 2K Sports make, offer for sale, and/or sell additional infringing software products.

33.     Capcom Entertainment and Capcom USA make, offer for sale, and/or sell within this judicial district at least the following infringing software products:

   a.   *Marvel v. Capcom 3*

   b.   *Super Street Fighter IV*

34.     The software products identified in paragraph 33 conduct a distributed electronic tournament for a plurality of players.  The products exchange information with a central controller to influence game play while a player plays in the tournament and store player information that is available for use in a subsequent tournament.

35.     Discovery may show that Capcom Entertainment and Capcom USA make, offer for sale, and/or sell additional infringing software products.

36.     EA makes, offers for sale, and/or sells within this judicial district at least the following infringing software products:

     a.  *Madden NFL 11*

     b.  *Battlefield: Bad Company 2*

     c.  *Need for Speed: Hot Pursuit*

     d.  *FIFA Soccer 11*

     e.  *NHL 11*

     f.  *Medal of Honor*

37.     The software products identified in paragraph 36 conduct a distributed electronic tournament for a plurality of players.  The products exchange information with a central controller to influence game play while a player plays in the tournament and store player information that is available for use in a subsequent tournament.

38.     Discovery may show that EA makes, offers for sale, and/or sells additional infringing software products.

39.     KDE makes, offers for sale, and/or sells within this judicial district *Metal Gear Solid: Guns of the Patriots*, which is an infringing software product.

40.     The software product identified in paragraph 39 conducts a distributed electronic tournament for a plurality of players.  The product exchanges information with a central controller to influence game play while a player plays in the tournament and stores player information that is available for use in a subsequent tournament.

41.     Discovery may show that KDE makes, offers for sale, and/or sells additional infringing software products.

42.     Microsoft makes, offers for sale, and/or sells within this judicial district at least the following infringing software products:

> a.  *Halo 3*
>
> b.  *Halo Reach*
>
> c.  *Gears of War 2*

43.     The software products identified in paragraph 42 conduct a distributed electronic tournament for a plurality of players.  The products exchange information with a central controller to influence game play while a player plays in the tournament and store player information that is available for use in a subsequent tournament.

44.     Discovery may show that Microsoft makes, offers for sale, and/or sells additional infringing software and hardware products.

45.     Take-Two and Rockstar make, offer for sale, and/or sell within this judicial district *Red Dead Redemption*, which is an infringing software product.

46.     The software product identified in paragraph 45 conducts a distributed electronic tournament for a plurality of players.  The product exchanges information with a central controller to influence game play while a player plays in the tournament and stores player information that is available for use in a subsequent tournament.

47.     Discovery may show that Take-Two and Rockstar make, offer for sale, and/or sell additional infringing software products.

48.     Sega makes, offers for sale, and/or sells within this judicial district *Aliens vs. Predator*, which is an infringing software product.

49.     The software product identified in paragraph 48 conducts a distributed electronic tournament for a plurality of players.  The product exchanges information with a central controller to influence game play while a player plays in the tournament and stores player information that is available for use in a subsequent tournament.

50.     Discovery may show that Sega makes, offers for sale, and/or sells additional infringing software products.

51.     SCEA makes, offers for sale, and/or sells within this judicial district at least the following infringing software products:

> a.  *Killzone 3*
>
> b.  *SOCOM 4*

52.     The software products identified in paragraph 51 conduct a distributed electronic tournament for a plurality of players.  The products exchange information with a central controller to influence game play while a player plays in the tournament and store player information that is available for use in a subsequent tournament.

53.     Discovery may show that SCEA makes, offers for sale, and/or sells additional infringing software and hardware products.

54.     Square Enix Holdings and Square Enix make, offer for sale, and/or sell within this judicial district *Front Mission: Evolved*, which is an infringing software product.

55.     The software product identified in paragraph 54 conducts a distributed electronic tournament for a plurality of players.  The product exchanges information with a central controller to influence game play while a player plays in the tournament and stores player information that is available for use in a subsequent tournament.

56.     Discovery may show that Square Enix Holdings and Square Enix, offer for sale, and/or sell additional infringing software products.

57.     THQ makes, offers for sale, and/or sells within this judicial district at least the following infringing software products:

> a.  *Homefront*
>
> b.  *Saints Row 2*
>
> c.  *Red Faction: Guerilla*

58.     The software products identified in paragraph 57 conduct a distributed electronic tournament for a plurality of players.  The products exchange information with a central controller to influence game play while a player plays in the tournament and store player information that is available for use in a subsequent tournament.

59.     Discovery may show that THQ makes, offers for sale, and/or sells additional infringing software products.

60.     Ubisoft makes, offers for sale, and/or sells within this judicial district at least the following infringing software products:

> a.  *Assassin's Creed: Brotherhood*
>
> b.  *Call of Juarez: Bound in Blood*

61.     The software products identified in paragraph 60 conduct a distributed electronic tournament for a plurality of players.  The products exchange information with a central

controller to influence game play while a player plays in the tournament and store player information that is available for use in a subsequent tournament.

62.     Discovery may show that Ubisoft makes, offers for sale, and/or sells additional infringing software products.

## CLAIMS FOR RELIEF

### First Count of Infringement
### The '486 Patent Against 2K Games

63.     Walker Digital repeats and re-alleges paragraphs 1-62 as if fully set forth herein.

64.     2K Games, through at least the product identified in paragraph 27, has been and still is infringing the '486 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the '486 Patent.

65.     As a direct and proximate result of 2K Games' acts of infringement, Walker Digital has been, is being, and will be damaged.  Consequently, Walker Digital is entitled to compensation for its damages from 2K Games under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

### Second Count of Infringement
### The '828 Patent Against 2K Games

66.     Walker Digital repeats and re-alleges paragraphs 1-62 as if fully set forth herein.

67.     2K Games, through at least the product identified in paragraph 27, has been and still is infringing the '828 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the '828 Patent.

68.     As a direct and proximate result of 2K Games' acts of infringement, Walker Digital has been, is being, and will be damaged.  Consequently, Walker Digital is entitled to compensation for its damages from 2K Games under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

### Third Count of Infringement
### The '486 Patent Against 2K Sports

69.     Walker Digital repeats and re-alleges paragraphs 1-62 as if fully set forth herein.

70.     2K Sports, through at least the product identified in paragraph 30, has been and still is infringing the '486 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the '486 Patent.

71.     As a direct and proximate result of 2K Sports' acts of infringement, Walker Digital has been, is being, and will be damaged.  Consequently, Walker Digital is entitled to compensation for its damages from 2K Sports under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

### Fourth Count of Infringement
### The '828 Patent Against 2K Sports

72.     Walker Digital repeats and re-alleges paragraphs 1-62 as if fully set forth herein.

73.     2K Sports, through at least the product identified in paragraph 30, has been and still is infringing the '828 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the '828 Patent.

74.     As a direct and proximate result of 2K Sports' acts of infringement, Walker Digital has been, is being, and will be damaged.  Consequently, Walker Digital is entitled to compensation for its damages from 2K Sports under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

### Fifth Count of Infringement
### The '486 Patent Against Capcom Entertainment

75.     Walker Digital repeats and re-alleges paragraphs 1-62 as if fully set forth herein.

76.     Capcom Entertainment, through at least the products identified in paragraph 33, has been and still is infringing the '486 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the '486 Patent.

77.     As a direct and proximate result of Capcom Entertainment's acts of infringement, Walker Digital has been, is being, and will be damaged.  Consequently, Walker Digital is entitled to compensation for its damages from Capcom Entertainment under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

### Sixth Count of Infringement
### The '486 Patent Against Capcom USA

78.     Walker Digital repeats and re-alleges paragraphs 1-62 as if fully set forth herein.

79.     Capcom USA, through at least the products identified in paragraph 33, has been and still is infringing the '486 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the '486 Patent.

80.     As a direct and proximate result of Capcom USA's acts of infringement, Walker Digital has been, is being, and will be damaged.  Consequently, Walker Digital is entitled to compensation for its damages from Capcom USA under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

### Seventh Count of Infringement
### The '486 Patent Against EA

81.     Walker Digital repeats and re-alleges paragraphs 1-62 as if fully set forth herein.

82.     EA, through at least the products identified in paragraph 36, has been and still is infringing the '486 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the '486 Patent.

83.     As a direct and proximate result of EA's acts of infringement, Walker Digital has been, is being, and will be damaged.  Consequently, Walker Digital is entitled to compensation for its damages from EA under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

### Eighth Count of Infringement
### The '828 Patent Against EA

84.     Walker Digital repeats and re-alleges paragraphs 1-62 as if fully set forth herein.

85.     EA, through at least the products identified in paragraph 36, has been and still is infringing the '828 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the '828 Patent.

86.     As a direct and proximate result of EA's acts of infringement, Walker Digital has been, is being, and will be damaged.  Consequently, Walker Digital is entitled to compensation for its damages from EA under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

### Ninth Count of Infringement
### The '486 Patent Against KDE

87.     Walker Digital repeats and re-alleges paragraphs 1-62 as if fully set forth herein.

88.     KDE, through at least the product identified in paragraph 39, has been and still is infringing the '486 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the '486 Patent.

89.     As a direct and proximate result of KDE's acts of infringement, Walker Digital has been, is being, and will be damaged.  Consequently, Walker Digital is entitled to compensation for its damages from KDE under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

**Tenth Count of Infringement**
**The '828 Patent Against KDE**

90.     Walker Digital repeats and re-alleges paragraphs 1-62 as if fully set forth herein.

91.     KDE, through at least the product identified in paragraph 39, has been and still is infringing the '828 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the '828 Patent.

92.     As a direct and proximate result of KDE's acts of infringement, Walker Digital has been, is being, and will be damaged.  Consequently, Walker Digital is entitled to compensation for its damages from KDE under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

**Eleventh Count of Infringement**
**The '486 Patent Against Microsoft**

93.     Walker Digital repeats and re-alleges paragraphs 1-62 as if fully set forth herein.

94.     Microsoft, through at least the products identified in paragraph 42, has been and still is infringing the '486 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the '486 Patent.

95.     As a direct and proximate result of Microsoft's acts of infringement, Walker Digital has been, is being, and will be damaged.  Consequently, Walker Digital is entitled to compensation for its damages from Microsoft under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

**Twelfth Count of Infringement**
**The '486 Patent Against Rockstar**

96.     Walker Digital repeats and re-alleges paragraphs 1-62 as if fully set forth herein.

97.     Rockstar, through at least the product identified in paragraph 45, has been and still is infringing the '486 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the '486 Patent.

98.     As a direct and proximate result of Rockstar's acts of infringement, Walker Digital has been, is being, and will be damaged.  Consequently, Walker Digital is entitled to compensation for its damages from Rockstar under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

### Thirteenth Count of Infringement
### The '486 Patent Against Sega

99.     Walker Digital repeats and re-alleges paragraphs 1-62 as if fully set forth herein.

100.    Sega, through at least the product identified in paragraph 48, has been and still is infringing the '486 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the '486 Patent.

101.    As a direct and proximate result of Sega's acts of infringement, Walker Digital has been, is being, and will be damaged.  Consequently, Walker Digital is entitled to compensation for its damages from Sega under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

### Fourteenth Count of Infringement
### The '486 Patent Against SCEA

102.    Walker Digital repeats and re-alleges paragraphs 1-62 as if fully set forth herein.

103.    SCEA, through at least the products identified in paragraph 51, has been and still is infringing the '486 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the '486 Patent.

104.    As a direct and proximate result of SCEA's acts of infringement, Walker Digital has been, is being, and will be damaged.  Consequently, Walker Digital is entitled to

compensation for its damages from SCEA under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

**Fifteenth Count of Infringement**
**The '828 Patent Against SCEA**

105.    Walker Digital repeats and re-alleges paragraphs 1-62 as if fully set forth herein.

106.    SCEA, through at least the products identified in paragraph 51, has been and still is infringing the '828 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the '828 Patent.

107.    As a direct and proximate result of SCEA's acts of infringement, Walker Digital has been, is being, and will be damaged.  Consequently, Walker Digital is entitled to compensation for its damages from SCEA under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

**Sixteenth Count of Infringement**
**The '486 Patent Against Square Enix Holdings**

108.    Walker Digital repeats and re-alleges paragraphs 1-62 as if fully set forth herein.

109.    Square Enix Holdings, through at least the product identified in paragraph 54, has been and still is infringing the '486 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the '486 Patent.

110.    As a direct and proximate result of Square Enix Holdings' acts of infringement, Walker Digital has been, is being, and will be damaged.  Consequently, Walker Digital is entitled to compensation for its damages from Square Enix Holdings under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

**Seventeenth Count of Infringement**
**The '828 Patent Against Square Enix Holdings**

111.    Walker Digital repeats and re-alleges paragraphs 1-62 as if fully set forth herein.

112.    Square Enix Holdings, through at least the product identified in paragraph 54, has been and still is infringing the '828 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the '828 Patent.

113.    As a direct and proximate result of Square Enix Holdings's acts of infringement, Walker Digital has been, is being, and will be damaged.  Consequently, Walker Digital is entitled to compensation for its damages from Square Enix Holdings under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

### Eighteenth Count of Infringement
### The '486 Patent Against Square Enix

114.    Walker Digital repeats and re-alleges paragraphs 1-62 as if fully set forth herein.

115.    Square Enix, through at least the product identified in paragraph 54, has been and still is infringing the '486 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the '486 Patent.

116.    As a direct and proximate result of Square Enix's acts of infringement, Walker Digital has been, is being, and will be damaged.  Consequently, Walker Digital is entitled to compensation for its damages from Square Enix under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

### Nineteenth Count of Infringement
### The '828 Patent Against Square Enix

117.    Walker Digital repeats and re-alleges paragraphs 1-62 as if fully set forth herein.

118.    Square Enix, through at least the product identified in paragraph 54, has been and still is infringing the '828 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the '828 Patent.

119.    As a direct and proximate result of Square Enix's acts of infringement, Walker Digital has been, is being, and will be damaged.  Consequently, Walker Digital is entitled to

compensation for its damages from Square Enix under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

### Twentieth Count of Infringement
### The '486 Patent Against Take-Two

120.    Walker Digital repeats and re-alleges paragraphs 1-62 as if fully set forth herein.

121.    Take-Two, through at least the products identified in paragraphs 27, 30, and 45, has been and still is infringing the '486 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the '486 Patent.

122.    As a direct and proximate result of Take-Two's acts of infringement, Walker Digital has been, is being, and will be damaged.  Consequently, Walker Digital is entitled to compensation for its damages from Take-Two under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

### Twenty-first Count of Infringement
### The '828 Patent Against Take-Two

123.    Walker Digital repeats and re-alleges paragraphs 1-62 as if fully set forth herein.

124.    Take-Two, through at least the products identified in paragraph 27 and 30 has been and still is infringing the '828 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the '828 Patent.

125.    As a direct and proximate result of Take-Two's acts of infringement, Walker Digital has been, is being, and will be damaged.  Consequently, Walker Digital is entitled to compensation for its damages from Take-Two under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

### Twenty-second Count of Infringement
### The '486 Patent Against THQ

126.    Walker Digital repeats and re-alleges paragraphs 1-62 as if fully set forth herein.

127.    THQ, through at least the products identified in paragraph 57, has been and still is infringing the '486 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the '486 Patent.

128.    As a direct and proximate result of THQ's acts of infringement, Walker Digital has been, is being, and will be damaged.  Consequently, Walker Digital is entitled to compensation for its damages from THQ under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

**Twenty-third Count of Infringement**
**The '828 Patent Against THQ**

129.    Walker Digital repeats and re-alleges paragraphs 1-62 as if fully set forth herein.

130.    THQ, through at least the product Homefront identified in paragraph 57, has been and still is infringing the '828 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the '828 Patent.

131.    As a direct and proximate result of THQ's acts of infringement, Walker Digital has been, is being, and will be damaged.  Consequently, Walker Digital is entitled to compensation for its damages from THQ under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

**Twenty-fourth Count of Infringement**
**The '486 Patent Against Ubisoft**

132.    Walker Digital repeats and re-alleges paragraphs 1-62 as if fully set forth herein.

133.    Ubisoft, through at least the products identified in paragraph 60, has been and still is infringing the '486 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the '486 Patent.

134.    As a direct and proximate result of Ubisoft's acts of infringement, Walker Digital has been, is being, and will be damaged.  Consequently, Walker Digital is entitled to

compensation for its damages from Ubisoft under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

**Twenty-fifth Count of Infringement**
**The '828 Patent Against Ubisoft**

135.    Walker Digital repeats and re-alleges paragraphs 1-62 as if fully set forth herein.

136.    Ubisoft, through at least the products identified in paragraph 60, has been and still is infringing the '828 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the '828 Patent.

137.    As a direct and proximate result of Ubisoft's acts of infringement, Walker Digital has been, is being, and will be damaged.  Consequently, Walker Digital is entitled to compensation for its damages from Ubisoft under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

**DEMAND FOR JURY TRIAL**

Walker Digital requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Walker Digital respectfully asks the Court for the following relief:

(i)      A judgment declaring that 2K Games has infringed the '486 Patent as alleged herein;

(ii)     A judgment declaring that 2K Games has infringed the '828 Patent as alleged herein;

(iii)    A judgment declaring that 2K Sports has infringed the '486 Patent as alleged herein;

(iv)     A judgment declaring that 2K Sports has infringed the '828 Patent as alleged herein;

(v)      A judgment declaring that Capcom Entertainment has infringed the '486 Patent as alleged herein;

(vi)     A judgment declaring that Capcom USA has infringed the '486 Patent as alleged herein;

(vii)    A judgment declaring that EA has infringed the '486 Patent as alleged herein;

(viii)   A judgment declaring that EA has infringed the '828 Patent as alleged herein;

(ix)     A judgment declaring that KDE has infringed the '486 Patent as alleged herein;

(x)      A judgment declaring that KDE has infringed the '828 Patent as alleged herein;

(xi)     A judgment declaring that Microsoft has infringed the '486 Patent as alleged herein;

(xii)    A judgment declaring that Rockstar has infringed the '486 Patent as alleged herein;

(xiii)   A judgment declaring that Sega has infringed the '486 Patent as alleged herein;

(xiv)    A judgment declaring that SCEA has infringed the '486 Patent as alleged herein;

(xv)     A judgment declaring that SCEA has infringed the '828 Patent as alleged herein;

(xvi)    A judgment declaring that Square Enix Holdings has infringed the '486 Patent as alleged herein;

(xvii)   A judgment declaring that Square Enix Holdings has infringed the '828 Patent as alleged herein;

(xviii)  A judgment declaring that Square Enix has infringed the '486 Patent as alleged herein;

(xix)    A judgment declaring that Square Enix has infringed the '828 Patent as alleged herein;

(xx)     A judgment declaring that Take-Two has infringed the '486 Patent as alleged herein;

(xxi)    A judgment declaring that Take-Two has infringed the '828 Patent as alleged herein;

(xxii)   A judgment declaring that THQ has infringed the '486 Patent as alleged herein;

(xxiii)  A judgment declaring that THQ has infringed the '828 Patent as alleged herein;

(xxiv)   A judgment declaring that Ubisoft has infringed the '486 Patent as alleged herein;

(xxv)   A judgment declaring that Ubisoft has infringed the '828 Patent as alleged herein;

(xxvi)   A judgment and order awarding Walker Digital damages under 35 U.S.C. § 284;

(xxvii) A judgment and order granting supplemental damages for any continuing post-verdict

   infringement up until entry of the final judgment with an accounting as needed;

(xxviii)A judgment and order awarding Walker Digital pre-judgment and post-judgment

   interest on the damages awarded;

(xxix)   Such other and further relief as the Court deems just and equitable.


April 25, 2011

Of Counsel:

Sandra C. McCallion
Karen H. Bromberg
Francisco A. Villegas
**COHEN & GRESSER LLP**
800 Third Avenue
New York, New York 10022
(212) 957-7600

BAYARD, P.A.

*/s/ Richard D. Kirk*
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
(302) 655-5000

*Attorneys for Plaintiff Walker Digital, LLC*